# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| THE BANK OF NEW YORK MELLON,<br><br>Plaintiff<br><br>v.<br><br>AZURE ESTATES OWNERS ASSOCIATION; RICARDO FOJAS; NEVADA ASSOCIATION, INC.; MICHAEL RUMPEL; and STEPHANIE RUMPEL,<br><br>Defendants | Case No.: 2:17-cv-00980-APG-CWH<br><br>**Order Denying Motions to Dismiss and to Stay**<br><br>[ECF Nos. 49, 50] |

Plaintiff The Bank of New York Mellon (BONY) sues to determine whether its deed of trust still encumbers property located at 6108 Dogwood Falls Court in North Las Vegas, Nevada, following a non-judicial foreclosure sale conducted by the homeowners association (HOA). Defendant Ricardo Fojas is the current property owner. *See* ECF No. 38. As relevant to the motions now before me, BONY asserts against Fojas a declaratory relief claim to determine the status of the deed of trust.

**A. Motion to Dismiss**

Fojas moves to dismiss, arguing that BONY is not the real party in interest because BONY brought suit as "Trustee for the Benefit of the Certificateholders of the CWABS Inc. Asset-Backed Certificates, Series 2006-SD3." Fojas contends the certificateholders are the real parties in interest under Federal Rule of Civil Procedure 17 and that BONY fails to state a claim for relief in its own name.

BONY responds that as trustee, it holds the beneficial interest in the deed of trust. BONY also argues that the relevant pooling and servicing agreement grants BONY the authority

to bring this suit. Alternatively, BONY argues that dismissal is not a proper remedy until the real party in interest has an opportunity to ratify, join, or substitute into the case.

Federal Rule of Civil Procedure 17(a)(1) requires a lawsuit to be "prosecuted in the name of the real party in interest." The Rule also provides that "a trustee of an express trust" "may sue in [its] own name[] without joining the person for whose benefit the action is brought." Fed. R. Civ. P. 17(a)(1)(E). A "trustee is a real party to the controversy for purposes of diversity jurisdiction when he possesses certain customary powers to hold, manage, and dispose of assets for the benefit of others." *Navarro Sav. Ass'n v. Lee*, 446 U.S. 458, 464 (1980). Consequently, for a traditional trust, if the trustee sues in its own name, it is the real party in interest. *Demarest v. HSBC Bank USA, N.A. as Tr. for registered holders of Nomura Home Equity Loan, Inc., Asset-Backed Certificates, Series 2006-HE2*, 920 F.3d 1223, 1230-31 (9th Cir. 2019)

Courts that have analyzed similar mortgage loan trusts with similar pooling and servicing agreements have held that where the trustee sues in its own name, it is the real party in interest. *See id.* (holding that a similar trust was a traditional trust, so the trustee suing in its own name was the real party in interest and its citizenship controlled the question of diversity jurisdiction); *Wells Fargo Bank, N.A. v. Ash Org.*, No. CV-09-188-MO, 2010 WL 11580083, at *4 (D. Or. Apr. 15, 2010); *LaSalle Bank Nat. Ass'n v. Lehman Bros. Holdings*, 237 F. Supp. 2d 618, 632-34 (D. Md. 2002). Here, the sale and servicing agreement transfers to BONY as the trustee "all . . . right, title and interest in and to the Mortgage Loans . . . ." ECF No. 52-2 at 6. Courts have held that the "plain meaning" of this language "ordinarily includes the power to bring suit to protect and maximize the value of the interest thereby granted." *LaSalle Bank Nat. Ass'n v. Nomura Asset Capital Corp.*,180 F. Supp. 2d 465, 471 (S.D.N.Y. 2001); *see also Lehman Bros. Holdings*, 237 F. Supp. 2d at 632-34.

BONY sues in its own name as trustee of what appears to be a traditional trust.  Under the relevant agreement, it has all right, title, and interest in the mortgage loans, and thus by implication also has the power to bring suit to protect those rights and interests.  Nothing before me suggests that BONY is not the real party in interest.  I therefore deny Fojas's motion to dismiss on this basis.

### B.  Motion to Stay

Fojas moves to stay the litigation pending my ruling on his motion to dismiss.  Because I have addressed that motion, I deny Fojas's motion to stay as moot.

## II.  CONCLUSION

IT IS THEREFORE ORDERED that defendant Ricardo Fojas's motion to dismiss **(ECF No. 50) is DENIED**.

IT IS FURTHER ORDERED that defendant Ricardo Fojas's motion to stay **(EF No. 49) is DENIED as moot**.

DATED this 25th day of July, 2019.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE