# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| BANK OF NEW YORK MELLON,<br><br>    Plaintiff<br><br>v.<br><br>AZURE ESTATE OWNERS ASSOCIATION, et al.,<br><br>    Defendants | Case No.: 2:17-cv-00980-APG-DJA<br><br>**Order (1) Granting Plaintiff's Motion for Summary Judgment and (2) Denying Defendants' Motions for Summary Judgment**<br><br>[ECF Nos. 53, 54, 64] |

Plaintiff Bank of New York Mellon (BONY) sues to determine whether a deed of trust encumbering property located at 6108 Dogwood Falls Court in North Las Vegas, Nevada was extinguished by a nonjudicial foreclosure sale conducted by a homeowners association (HOA), defendant Azure Estates Owners Association (Azure). Falls Family Trust purchased the property at the foreclosure sale and later quitclaimed the property to defendant Ricardo Fojas (Fojas). BONY seeks a declaration that the deed of trust still encumbers the property and it asserts alternative damages claims against Azure and Azure's foreclosure agent, defendant Nevada Association Services, Inc. (NAS). BONY also seeks to judicially foreclose on the former homeowners, defendants Michael and Stephanie Rumpel, or alternatively to obtain damages against Michael Rumpel for breach of contract. Fojas counterclaims for declaratory relief that the HOA sale extinguished the deed of trust. Fojas also filed cross-claims against Azure and NAS for damages if it is determined that the deed of trust survived the foreclosure sale.

BONY moves for summary judgment, arguing that its prior loan servicer, BAC Home Loans Servicing, LP (BAC), tendered the superpriority amount and thereby preserved the deed of trust. Azure moves for summary judgment, arguing it had a good faith basis to reject the

tender, the tender was impermissibly conditional, and there is no basis for the damages claims against it because there was nothing wrongful about the foreclosure. Fojas moves for summary judgment, adopting Azure's good faith argument and arguing that the equities weigh in his favor as a bona fide purchaser. Fojas argues for the first time in his reply brief that the tender should have been recorded. He also argues for the first time in his reply brief that BONY's motion should be denied as premature because the judicial foreclosure claim is still pending and the Rumpels have not filed an answer to the complaint.

The parties are familiar with the facts so I do not repeat them here except where necessary. I grant BONY's motion and deny Azure's and Fojas's motions because no genuine dispute remains that BAC tendered the superpriority amount, thereby extinguishing the superpriority lien and rendering the sale void as to the deed of trust. I dismiss as moot BONY's alternative damages claims against Azure and NAS. BONY's judicial foreclosure and alternative breach of contract claims and Fojas's cross-claims against Azure and NAS remain pending because no party moved for judgment on those claims.

**I. ANALYSIS**

Summary judgment is appropriate if the movant shows "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a), (c). A fact is material if it "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute is genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

The party seeking summary judgment bears the initial burden of informing the court of the basis for its motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The

burden then shifts to the non-moving party to set forth specific facts demonstrating there is a genuine issue of material fact for trial. *Fairbank v. Wunderman Cato Johnson*, 212 F.3d 528, 531 (9th Cir. 2000); *Sonner v. Schwabe N. Am., Inc.*, 911 F.3d 989, 992 (9th Cir. 2018) ("To defeat summary judgment, the nonmoving party must produce evidence of a genuine dispute of material fact that could satisfy its burden at trial."). I view the evidence and reasonable inferences in the light most favorable to the non-moving party. *James River Ins. Co. v. Hebert Schenk, P.C.*, 523 F.3d 915, 920 (9th Cir. 2008).

Under Nevada law, a "first deed of trust holder's unconditional tender of the superpriority amount due results in the buyer at foreclosure taking the property subject to the deed of trust." *Bank of Am., N.A. v. SFR Investments Pool 1, LLC*, 427 P.3d 113, 116 (Nev. 2018) (en banc). To be valid, tender must be for "payment in full" and must either be "unconditional, or with conditions on which the tendering party has a right to insist." *Id.* at 118.

BONY has established that the superpriority amount was tendered in full. The HOA assessment was $42 per quarter. ECF Nos. 54-12 at 10; 54-13 at 3. Prior to the HOA foreclosure sale, BAC tendered $126 to NAS to cover the superpriority amount of nine months of assessments.[1] ECF No. 54-12 at 13-17. NAS refused to accept the check. *Id.* at 17. Azure and Fojas have presented no contrary evidence. Consequently, no genuine dispute remains that the superpriority lien was extinguished and the property remains subject to the deed of trust. *Bank of Am., N.A.*, 427 P.3d at 121.

Azure and Fojas raise several arguments as to why tender nevertheless did not extinguish the superpriority lien. None raises a genuine dispute precluding summary judgment.

---

[1] There were no nuisance abatement or maintenance charges related to this property. ECF No. 54-14 at 6-7.

3

### A. Good Faith Rejection of Tender

Azure and Fojas argue that NAS rejected the tender in good faith because BAC did not offer to pay the entire amount of the HOA's lien. But Azure and Fojas present no evidence as to why NAS rejected the tender or that it did so in good faith. Moreover, the Supreme Court of Nevada has rejected similar arguments in similar cases. *See, e.g.*, *Nationstar Mortg., LLC v. Jackel Properties, LLC*, No. 75040, 435 P.3d 1224, 2019 WL 1244787, at *1 (Nev. 2019) (stating that the foreclosure agent's "subjective good faith in rejecting the tender is legally irrelevant, as the tender cured the default as to the superpriority portion of the lien by operation of law").

### B. Impermissible Conditions

Azure contends that the tender letter included an impermissible condition that the HOA waive or subordinate its right to the portion of the superpriority lien consisting of maintenance and nuisance abatement charges. The Supreme Court of Nevada has held that where there is no evidence of maintenance or nuisance abatement charges, identical tender letters did not impose impermissible conditions on tender.[2] Here, there is no evidence of maintenance or nuisance abatement charges, so the tender letter did not contain impermissible conditions. Additionally, if such charges arose later, the HOA "would have been required to issue new foreclosure notices if

---

[2] *See Bank of Am., N.A.*, 427 P.3d at 117-18; *BDJ Invs., LLC v. Bank of Am., N.A.*, No. 76481, 448 P.3d 573, 2019 WL 4392466, at *1 (Nev. 2019) ("Because nothing in the record indicates that the HOA had incurred any maintenance or nuisance abatement charges at the time the tender was made, the letter cannot reasonably be construed as forcing the HOA to waive its right to afford superpriority status to any such charges that might be assessed in the future."); *Alliant Commercial, LLC v. Bank of New York Mellon*, No. 76565, 443 P.3d 544, 2019 WL 2725620, at *1 (Nev. 2019) ("Assuming without deciding that the tender contained a misstatement of law, such a misstatement is not an impermissible condition as it does not require anything of the HOA for the HOA to be able to accept the tender. Furthermore, no such [maintenance and nuisance abatement] charges are at issue in this case. Thus, the purported misstatement does not alter the tender's legal effect.").

it sought to afford those costs superpriority status." *Doreen Properties, LLC v. U.S. Bank Nat'l Ass'n as Tr. for Holders of Bear Sterns Alt-A Tr. 2006-3*, No. 75885-COA, 2019 WL 2474893, at *1 (Nev. App. June 12, 2019) (citing *Property Plus Invs., LLC v. Mortgage Elec. Registration Sys.*, 401 P.3d 728, 731-32 (Nev. 2017) (en banc) (stating that the HOA is not limited to one superpriority lien but it must initiate a new foreclosure process to enforce a second superpriority default)).

### C. Equities

Fojas argues the equities weigh in his favor as a bona fide purchaser. But "tender of the superpriority portion of an HOA lien satisfies that portion of the lien by operation of law." *Bank of Am., N.A.*, 427 P.3d at 120. Because "valid tender cured the default as to the superpriority portion of the HOA's lien, the HOA's foreclosure on the entire lien resulted in a void sale as to the superpriority portion." *Id.* at 121. A "party's status as a [bona fide purchaser] is irrelevant when a defect in the foreclosure proceeding renders the sale void." *Id.* For these same reasons, if tender was valid I do not weigh the equities because "the voiding of the foreclosure sale as to the superpriority portion of the lien is ultimately the result of the operation of law and not equitable relief." *Salomon v. Bank of Am., N.A.*, No. 75200-COA, 2019 WL 3231009, at *2 n.3 (Nev. App. July 17, 2019).

### D. Recording the Tender

Fojas argues for the first time in his reply brief that BONY was required to record the tender attempt. I do not consider issues raised for the first time in a reply brief. *See Vazquez v. Rackauckas*, 734 F.3d 1025, 1054 (9th Cir. 2013) ("[W]e do not consider issues raised for the first time in reply briefs."). But even if I considered this argument, the Supreme Court of Nevada has rejected it. *Bank of Am., N.A.*, 427 P.3d at 119-20.

5

### E. Premature

Fojas argues for the first time in his reply brief that BONY's motion for summary judgment is premature because the judicial foreclosure claim remains pending against the Rumpels and the Rumpels have not answered the complaint. Even if I considered this argument, it has no merit. Stephanie Rumpels has defaulted. ECF No. 59. Michael Rumpels moved to dismiss, but did not answer the complaint after I denied that motion. *See* ECF Nos. 29, 56. Under the scheduling order, discovery has closed and the dispositive motion deadline was July 12, 2019, which is when BONY filed its summary judgment motion. ECF Nos. 39, 54.[3] BONY's motion thus was not premature. Fojas did not move to extend the dispositive motion deadline or otherwise seek to modify the scheduling order based on the arguments he now makes. Nor do his arguments support modifying the scheduling order.

### F. Summary

In sum, BONY has shown that the superpriority portion of the HOA's lien was tendered, thereby rendering the sale void as to the deed of trust. Azure and Fojas have not presented evidence raising a genuine dispute. Consequently, the property remains subject to the deed of trust. I therefore dismiss as moot BONY's alternative damages claims against Azure and NAS. BONY's judicial foreclosure and alternative breach of contract claims and Fojas's cross-claims against Azure and NAS remain pending because no party moved for judgment on those claims.

## II. CONCLUSION

I THEREFORE ORDER that plaintiff Bank of New York Mellon's motion for summary judgment **(ECF No. 54) is GRANTED**. It is declared that the homeowners association's non-

---

[3] Fojas's motion for summary judgment was untimely because it was filed over a month after the dispositive motion deadline expired. ECF No. 64.

6

judicial foreclosure sale conducted on July 12, 2013 did not extinguish the deed of trust and the property located at 6108 Dogwood Falls Court in North Las Vegas, Nevada remains subject to the deed of trust.

I FURTHER ORDER that plaintiff Bank of New York Mellon's alternative damages claims against defendants Azure Estates Owners Association and Nevada Association Services, Inc. are DISMISSED as moot.

I FURTHER ORDER that defendant Azure Estates Owners Association's motion for summary judgment **(ECF No. 53) is DENIED**.

I FURTHER ORDER that defendant Ricardo Fojas's motion for summary judgment **(ECF No. 64) is DENIED**.

DATED this 16th day of January, 2020.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE