1                   **UNITED STATES DISTRICT COURT**

2                     **DISTRICT OF NEVADA**

3   BANK OF NEW YORK MELLON,        Case No.: 2:17-cv-00980-APG-DJA

4       Plaintiff               **Order Striking Azure's Answer, Setting Deadline for Fojas to File Motion for**

5   v.                       **Default Judgment, and Ordering Fojas to Show Cause Why His Crossclaim Against**

6   AZURE ESTATES OWNERS         **NAS Should Not Be Dismissed**
     ASSOCIATION, et al.,

7

      Defendants

8

9       I previously ordered defendants Ricardo Fojas and Azure Estate Owners Association (the

10 HOA) to file a joint proposed pretrial order by March 13, 2020. ECF No. 80.  That deadline was

11 extended twice, with the last deadline being May 12, 2020. ECF Nos. 87, 95.  On that date, Mr.

12 Fojas individually filed a proposed pretrial order because the HOA's counsel did not respond to

13 his invitations to participate in preparing it. ECF No. 98.  Mr. Fojas requested that I accept his

14 proposed order, that I order the HOA's counsel to add her input to the proposed order, or that I

15 permit the filing of a motion for summary judgment to avoid trial.  The HOA has not responded

16 to Mr. Fojas' filing, and has not appeared in this case since filing an Answer to Fojas' crossclaim

17 five months ago. ECF No. 73.

18       Local Rule 16-3(b) requires "the attorneys or parties who will try the case [to] personally

19 discuss settlement and prepare and file a proposed joint pretrial order . . . ."  It is entirely

20 improper for counsel to ignore that rule and my orders to submit a joint pretrial order.  Such

21 actions stymie Mr. Fojas' ability to bring his crossclaim to resolution through trial or otherwise

22 and are sanctionable.  I therefore ordered the HOA to show cause, in writing, why sanctions

23 should not be entered against counsel and the HOA for their failure to participate in the

1  preparation of the joint pretrial order. ECF No. 99.  I also ordered the HOA to "indicate whether

2  summary judgment motions are likely to resolve the pending crossclaim." *Id.*  I warned the HOA

3  and its counsel that failure to timely and properly respond by that date would result in sanctions,

4  including claim-dispositive sanctions.

5       I have the authority to sanction for "willful violation of a court order." *Evon v. Law*

6  *Offices of Sidney Mickell*, 688 F.3d 1015, 1035 (9th Cir. 2012).  A "'willful' violation of a court

7  order does not require proof of mental intent such as bad faith or an improper motive, but rather,

8  it is enough that a party acted deliberately." *Id.*  "[O]utright dismissal of a lawsuit . . . is a

9  particularly severe sanction, yet is within the court's discretion." *Chambers v. NASCO, Inc.*, 501

10 U.S. 32, 45 (1991).  Case- or claim-dispositive sanctions are "a harsh penalty," and thus should

11 be impose only in "extreme circumstances." *Hernandez v. City of El Monte*, 138 F.3d 393, 399

12 (9th Cir. 1998) (quotation omitted).  Before resorting to case or claim dispositive sanctions, I

13 consider: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to

14 manage its docket; (3) the risk of prejudice to the [other party]; (4) the public policy favoring

15 disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Id.*

16 (quotation omitted).

17      The HOA deliberately failed to respond to my orders for the parties to file the joint

18 proposed pretrial order and my order to show cause.  The joint pretrial order originally was due

19 in February, but when the parties did not file one, I ordered the parties to file it by March 13,

20 2020. ECF No. 80.  That deadline was extended on March 16 and again on April 27, 2020. ECF

21 Nos. 87, 95.  Despite Mr. Fojas's attempts to contact the HOA's counsel, there has been no

22 response for several months.  Mr. Fojas indicated that he was informed that the HOA's counsel,

23 Julie Funai, was in a remote place with little internet access. ECF Nos. 87, 94, 98 at 2.  But Funai

1  is not the only counsel on the case representing the HOA.  Kaleb Anderson is also counsel of

2  record for the HOA and electronic notices of the orders extending time and the order to show

3  cause were sent to him as well.  Funai and Anderson work for a large, multi-state law firm with

4  significant experience in federal court litigation, orders, and deadlines.  The HOA's counsel has

5  not notified the court of any difficulties contacting their client, nor has counsel sought to

6  terminate the representation.  Thus, I find the failure to respond was deliberate.

7       The public's interest in expeditious resolution of litigation and the court's need to

8  manage the docket favor bringing this case to a close.  The case has been pending for over three

9  years and I have granted multiple extensions of time to file the proposed joint pretrial order.  Mr.

10 Fojas has been prevented from obtaining adjudication of his crossclaim against the HOA.

11 Although public policy favors disposing of cases on their merits, the HOA's disobedience of my

12 orders and failure to participate in the case has made that impossible.  There are no less drastic

13 sanctions available.  Despite extensions and my order to show cause, the HOA has not complied.

14 Further extensions of time will accomplish nothing other than further delay.  I therefore issue

15 sanctions in the form of striking the HOA's answer and directing the clerk of court to enter

16 default against the HOA on Mr. Fojas's crossclaim.  Mr. Fojas shall have 21 days to file a

17 motion for default judgment against the HOA.

18      It does not appear that Mr. Fojas served cross-defendant Nevada Association Services,

19 Inc. (NAS) with the cross-claim as required under Federal Rules of Civil Procedure 4 and 5.  Nor

20 does he indicate that he attempted to contact NAS to prepare the joint pretrial order.  He thus has

21 taken no action to prosecute his crossclaim against NAS.  I therefore order Mr. Fojas to show

22 cause why his crossclaim against NAS should not be dismissed for failure to timely serve and

23 failure to prosecute.

1    I THEREFORE ORDER the clerk of court to **STRIKE** the answer of cross-defendant

2   Azure Estates Owners Association (ECF No. 73) and to enter default against it on Ricardo

3   Fojas's cross-claim (ECF No. 61).

4    I FURTHER ORDER that by July 17, 2020, Ricardo Fojas may move for default

5   judgment against Azure Estates Owners Association.  Failure to file a motion for default

6   judgment will result in dismissal of the crossclaim with prejudice.

7    I FURTHER ORDER that by July 6, 2020, Ricardo Fojas shall show cause, in writing,

8   why his crossclaim against cross-defendant Nevada Association Services, Inc. should not be

9   dismissed for failure to timely serve and failure to prosecute.

10    DATED this 26th day of June, 2020.

11

12

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE

13

14

15

16

17

18

19

20

21

22

23