# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| BANK OF NEW YORK MELLON, | Case No.: 2:17-cv-00980-APG-DJA |
| Plaintiff | **Order** |
| v. | |
| AZURE ESTATES OWNERS ASSOCIATION, et al., | |
| Defendants | |

I previously ordered cross-claimant Ricardo Fojas and cross-defendant Azure Estates Owners Association to submit a stipulation or briefs explaining the status of their efforts to finalize their settlement agreement. Mr. Fojas believes the settlement is hung up on his attempt to retain his right to appeal my dismissal of his crossclaims against Nevada Association Services, Inc. (NAS). *See* ECF No. 136 at 2-5. Mr. Fojas feels the dismissal should have been without prejudice, and he hopes to appeal that issue. *Id.* at 2.[1]

---

[1] I dismissed the crossclaims because Mr. Fojas failed to prosecute them. ECF No. 108 at 1. Although my order did not specify it, such a dismissal is with prejudice.

> Under Fed. R. Civ. P. 41(b), unless otherwise specified by the court, a dismissal other than one for lack of jurisdiction, for improper venue, or for failure to join a party operates as an adjudication upon the merits. *See* 18 Charles Alan Wright, Arthur R. Miller, Edward H. Cooper, Federal Practice and Procedure § 4440, at 362 (1981). More specifically, Rule 41(c) states that the "provisions of this rule apply to the dismissal of any counterclaim." Fed. R. Civ. P. 41(c).

*Orca Yachts, L.L.C. v. Mollicam, Inc.*, 287 F.3d 316, 319 (4th Cir. 2002). *See also Arvik Platinum, Inc. v. DM & Assocs., Inc*., No. 2:11-CV-01240-GMN, 2012 WL 6021330, at *1 (D. Nev. Dec. 3, 2012) (confirming "this rule also applies to counterclaims"). Dismissal on the merits under Rule 41(b) also applies to crossclaims. *See* Fed. R. Civ. P. 41(c). While Mr. Fojas may appeal that decision, those crossclaims were no longer viable after my July 17, 2020 order.

NAS did not participate in the November 5, 2020 settlement conference. ECF No. 121. It had been defaulted from the case long before then. ECF No. 27. As such, NAS need not be a party to the settlement agreement. And Mr. Fojas's appellate rights should not be prejudiced by his settlement with Azure Estates unless he agrees. Azure Estates apparently has rejected Mr. Fojas's attempts to add language to the settlement agreement preserving his ability to appeal my decision about his crossclaims against NAS. *See* ECF No. 136 at 2-5. Azure Estates fails to explain why it refuses to accept Mr. Fojas's proposed language, and there appears to be no valid reason. Mr. Fojas should not be required to surrender his appellate rights to finalize the settlement agreement.

To the extent this clarity may help the parties finally resolve the language of the settlement agreement, I will give one final extension of my earlier deadline.

I HEREBY ORDER the parties to submit a stipulation to dismiss all remaining claims in this case by **July 23, 2021**. If not, I will enter an order enforcing (by way of a judgment) the terms the parties agreed to at the November 5, 2020 settlement conference, which will not include Mr. Fojas's appellate rights vis-à-vis his crossclaims against NAS.

DATED this 13th day of July, 2021.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE